11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Toby Wade Beyer

Appellant

Vs.                   No. 11-02-00364-CR -- Appeal
from Erath County

State of Texas

Appellee

 

The jury
convicted Toby Wade Beyer of the offense of bail jumping and failure to
appear.  See TEX. PENAL CODE ANN.
' 38.10 (Vernon 2003).  The jury assessed appellant=s punishment at confinement for seven
years.  We affirm.  

In his
sole issue, appellant argues that he provided Alegally and factually sufficient@ evidence in support of his defense of Areasonable excuse.@  The offense of bail jumping
and failure to appear is committed when a Aperson lawfully released from custody, with or without bail, on
condition that he subsequently appear...intentionally or knowingly fails to
appear in accordance with the terms of his release.@ 
Section 38.10(a).  However,
Section 38.10(c) provides that it is a defense to prosecution that the person
had a Areasonable excuse@ for his failure to appear.  

In order
to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt and also could have found against appellant on the
defense issue beyond a reasonable doubt. 
Saxton v. State, 804 S.W.2d 910, 914 (Tex.Cr.App.1991); see
TEX. PENAL CODE ANN. ' 2.03
(Vernon 2003);  Jackson v. Virginia,
443 U.S. 307 (1979); Zuliani v. State, 97 S.W.3d 589, 594
(Tex.Cr.App.2003).  With respect to a
defense, the defendant bears the burden of production, requiring the production
of some evidence that supports the particular defense.  The State then bears the burden of
persuasion, rather than production, to disprove that defense.  This standard requires only that the State
prove its case beyond a reasonable doubt. 
Zuliani v. State, supra at 594; Saxton v. State, supra at
913-14.  








In order
to address a challenge to the factual sufficiency of the evidence with respect
to the rejection of a defense, we must review all of the evidence in a neutral
light and determine whether the State=s evidence taken alone is too weak to support the finding and whether
the proof of guilt, although adequate if taken alone, is against the great
weight and preponderance of the evidence. 
Zuliani v. State, supra at 595. 


The record
reflects that appellant had been indicted on April 17, 2002, for a felony
offense (possession of one gram or more but less than four grams of
methamphetamine) and that he failed to appear on June 24, 2002, for the
original setting of the pretrial hearing in that case.  Appellant had been notified of the pretrial
setting by the trial court and by the district attorney=s office. 
During appellant=s arraignment on June 10, 2002, the trial court stated in open
court:  AI will set both of these cases for pretrial on June the 24th, 2002, at
9:00 a.m.@[1]  An
employee of the district attorney=s office testified that, on April 18, 2002, she sent appellant a letter
notifying him of the June 24 pretrial setting. 
The letter was sent to appellant in care of the Erath County Jail, where
appellant resided at that time and until he bonded out of jail on June 14,
2002.  The letter stated:  AAll Defendants and
Attorneys must be present at 9:00 A.M. in the District Courtroom...at
the times and dates listed below....PRETRIAL is set for June 24, 2002.@ (Emphasis in original)  A similar notice was sent to each of
appellant=s attorneys. 


Appellant=s bondsman, appellant=s wife, and the attorney who represented
appellant at the time of the pretrial setting testified on appellant=s behalf. 
Lindol Ross Howell testified that he bonded appellant out of jail on
June 14 and that he did not notify appellant of the pretrial setting because he
was not aware of any setting.  On the
afternoon of June 24, Howell contacted appellant by phone using a number that
appellant had given Howell.  Howell
informed appellant that he had missed a court appearance and was in
trouble.  Howell instructed appellant to
meet him the next morning in order to surrender to the court.  Appellant complied.  








Attorney
Shay Isham testified that he represented appellant at the time of appellant=s arraignment and pretrial.  Isham noted the June 24 pretrial setting and
appeared as required.  Although he
routinely sent letters to his clients notifying them of upcoming court
appearances, including appellant in other cases, he did not send such a letter
to appellant or otherwise notify him of the June 24 setting.  Isham explained that he did not send such
notices when his clients were incarcerated because he expected the jailers to
bring them to the courthouse.  Isham was
unaware until June 20 or 21 that appellant had bonded out of jail.  Isham testified that he attempted to contact
appellant on or before June 24 but that he could not reach appellant.  Later that afternoon, after Howell had
contacted appellant, appellant called Isham. 
Isham instructed appellant to be at the courthouse the next
morning.  Appellant complied.  

Appellant=s wife, Amanda Michelle Beyer, testified that
she and appellant Aboth
were under the impression and had it in [their] minds@ that appellant would have a little over a
month to get readjusted and get a job and that he had until the following month
before the pretrial.  According to
appellant=s wife, the papers that were in appellant=s possession when he was released on bond
were in the trunk of her car where they had been since the date of his
release.  

Applying
the standards of review discussed above, we hold that the evidence is both
legally and factually sufficient.  A
rational jury could have found the elements of the offense beyond a reasonable
doubt and could have rejected appellant=s Areasonable excuse@ defense beyond a reasonable doubt.  Furthermore, the evidence supporting guilt
is neither so weak nor so outweighed by the great weight and preponderance of
the evidence as to be manifestly unjust. 
Appellant=s sole issue is overruled.  

The
judgment of the trial court is affirmed. 


 

JIM
R. WRIGHT

JUSTICE


 

September 4, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b). 

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J. 











[1]Appellant had two pending indictments at the time.  The other indictment was for the manufacture
or delivery of more than 4 grams but less than 200 grams of
methamphetamine.